**Ex parte Allan HAWKINS, Relator.**

No. 08–94–00293–CV.

Court of Appeals of Texas, El Paso.

Sept. 29, 1994.

Allan Hawkins, Midland, for relator.

Before BARAJAS, C.J., and LARSEN and McCOLLUM, JJ.

## OPINION DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

PER CURIAM.

This is an original proceeding wherein Relator, Allan Hawkins, seeks habeas corpus relief from a contempt judgment assessing a fine of $500 and from a writ of commitment ordering Relator incarcerated due to his refusal to pay that fine. We dismiss the petition for want of jurisdiction.

The judgment of contempt recites that Relator, an attorney, was appointed by the Honorable Dean Rucker to represent an indigent defendant in a criminal proceeding.[1] The judgment also recites that Relator was duly notified by Judge Rucker of a trial setting on the merits, but failed to appear.

■ Relator's contempt proceeding was commenced with the filing of an "Order to Show Cause" entered by Judge Rucker. That proceeding was styled *In re: Allan Hawkins* and was filed in cause number A–39,936. Acting pursuant to Tex.Gov't Code Ann. § 21.002(d), Judge Rucker recused himself from hearing the contempt proceeding and requested that a judge be assigned to the case. *See* Tex.Gov't Code Ann. § 21.002(d) (Vernon Supp.1994). The Presiding Judge of the Seventh Administrative Judicial Region assigned Judge Ray L. McKim[2] to hear the contempt proceeding. At the show cause hearing, Judge McKim determined that Relator failed to provide sufficient legal excuse for his failure to appear for trial. Consequently, Judge McKim found Relator in contempt and assessed a fine of $500. The judgment of contempt provided that if Relator did not deposit the fine into the registry of the court within 30 days, a commitment would be issued remanding him into custody of the Sheriff of Midland County, Texas for an unspecified length of time.[3]

On September 9, 1994, upon finding that Relator had failed to pay the fine as ordered by the contempt judgment, Judge McKim entered a writ of commitment which authorized the Sheriff of Midland County to arrest Relator and hold him in jail until he satisfied the contempt judgment in accordance with the law. Relator was taken into custody pursuant to the writ of commitment on September 9. Although the record is not clear, it appears that either prior to or on September 9, Relator filed an application for writ of habeas corpus with the Honorable George Gilles.[4] *See* Tex.Code Crim.Proc.Ann. art. 11.05 (Vernon 1977). At a hearing held on September 9, Judge Gilles set the writ application for hearing on September 15, 1994. He also set a $500 cash bond pending his determination of Relator's habeas corpus application. Relator indicated on the record at that hearing his intention to post the cash bond. However, the record does not reflect if the bond was posted. Likewise, the record does not reflect whether the scheduled hearing was held on Relator's writ application or its outcome. However, Relator, directing our attention to the portion of the statement of facts in which the trial court set the $500 bond pending the outcome of Relator's habeas application, states in his petition filed with this Court on September 19 that he is temporarily on bond.

■ Because Relator challenges his criminal contempt judgment and his resulting incarceration by filing an original proceeding in this Court, the first question that must be addressed is this Court's jurisdiction to hear this habeas petition. Section 22.221 of the Texas Government Code provides this Court with limited writ power. Tex.Gov't Code Ann. § 22.221 (Vernon 1988 and Ver-

---

1. Judge Rucker is judge of the 318th District Court. He entered the appointment order while sitting as judge of the 142nd District Court. The order of appointment was entered in cause number CRC–19,265 which is styled *The State of Texas v. Donna Marie Eaden.*

2. Judge McKim is a senior judge, retired from the 161st Judicial District Court.

3. The judgment also set an "appeal bond" in the sum of $500 in the event Appellant chose to appeal the contempt judgment. However, no appeal may be taken from this judgment and the only remedy is by a writ of habeas corpus. *See Ex parte Eureste,* 725 S.W.2d 214, 216 (Tex.Crim. App.1986).

4. That application is filed in the 142nd District Court in cause number 40,223. The Honorable George W. Gilles is presiding judge of the 142nd District Court.

non Supp.1994). Pertinent to this habeas corpus proceeding, Section 22.221(d) provides:

Concurrently with the supreme court, the court of appeals of a court of appeals district in which a person is restrained in his liberty, or a justice of the court of appeals, may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process or commitment issued by a court or judge **because of the violation of an order, judgment or decree previously made, rendered, or entered by the court or judge in a civil case.** [Emphasis added].

Tex.Gov't Code Ann. § 22.221(d) (Vernon Supp.1994). Thus, this Court's original jurisdiction to issue a writ of habeas corpus is limited to those cases in which a person's liberty is restrained because the person has violated an order, judgment, or decree entered in a civil case. Stated another way, this Court does not have original habeas corpus jurisdiction in criminal law matters. *See Ex parte Lewis*, 663 S.W.2d 153, 154 (Tex.App.—Amarillo 1983, orig. proceeding). That jurisdiction rests instead with the Court of Criminal Appeals, the District Courts, the County Courts, or any judge of said Courts. Tex.Code Crim.Proc.Ann. art. 11.05 (Vernon 1977); *see* Tex. Const. art. V, §§ 5, 8, 16; Tex.Gov't Code Ann. §§ 25.0003, 26.047 (Vernon 1988).

Although Relator does not directly address why this Court has jurisdiction to grant the relief requested, he dedicates a significant portion of his argument to incorrectly asserting that the contempt proceeding below was one of civil contempt. In support of his argument, he points to the fact that the district clerk assigned a civil cause number to the contempt proceeding. Likewise, he directs our attention to a portion of the statement of facts in which the judge assigned to hear the contempt proceeding stated during the contempt proceeding that it involved civil contempt.

[4, 5] Although we do not believe the characterization of the contempt involved here to be dispositive of this Court's jurisdiction, we think that it is important to reiterate the distinction between civil and criminal contempt since the participants in the proceeding below were confused with regard to whether this case involved civil or criminal contempt. There are two types of contempt: civil, or coercive contempt, and criminal contempt, sometimes called punitive contempt. *Ex parte Mitchell*, 783 S.W.2d 703, 706 (Tex. App.—El Paso 1989, orig. proceeding). Criminal contempt, limited by statute to a fine of not more than $500 and confinement in jail for up to six months, Tex.Gov't Code Ann. § 21.002, has the purpose of punishing the contemnor for some past conduct or disobedience to a court order that constitutes an affront to the dignity and authority of the court. *Ex parte Mitchell*, 783 S.W.2d at 706, *citing Ex parte Werblud*, 536 S.W.2d 542 (Tex.1976); *see Ex parte Ramon*, 821 S.W.2d 711, 714 (Tex.App.—San Antonio 1991, orig. proceeding); *Ex parte Johns*, 807 S.W.2d 768, 771 (Tex.App.—Dallas 1991, orig. proceeding). Additionally, Section 82.061 of the Government Code provides that an attorney at law may be fined or imprisoned for misbehavior or contempt of court. Tex.Gov't Code Ann. § 82.061 (Vernon 1988). Civil contempt, on the other hand, is intended to persuade or coerce the contemnor to obey an order of the court. *Ex parte Mitchell*, 783 S.W.2d at 706. The confinement is conditional upon obedience and therefore the civil contemnor "carries the keys of [his] prison in [his] own pocket." *Ex parte Mitchell*, 783 S.W.2d at 706, *citing Shillitani v. United States*, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966); *Ex parte Werblud*, 536 S.W.2d at 545.

■ The fact that the district clerk assigned this proceeding with a civil cause number is not determinative of what type of contempt is involved. Furthermore, the fact that the participants below may have believed that this case involved civil contempt is likewise not binding upon our determination. Rather, our attention must focus upon the purpose of the contempt judgment. Because that judgment assessed a punishment for Relator's past violation of a court order to appear for trial, we find that it is a criminal contempt.

■ Any suggestion that this Court has jurisdiction in this original proceeding because the contempt proceeding was denominated a civil case by the district clerk or because the parties mistakenly believed the case involved civil contempt rather than

criminal contempt is erroneous. This Court's jurisdiction is not dependent upon characterization of the contempt proceeding as a civil case, nor is our jurisdiction limited to matters of civil contempt. Rather, our jurisdiction is limited by Section 22.221(d) to those situations in which the alleged contemnor violated an order, judgment or decree previously made, rendered, or entered by the court or judge in a civil case. Thus, under Section 22.221(d), this Court would have original habeas corpus jurisdiction to hear matters involving either civil contempt or criminal contempt, or both, so long as the order, judgment, or decree violated had been entered in a civil case. Applying that test to the facts before us, we find that the contempt judgment and Relator's subsequent restraint are not based upon a violation of an order entered by the trial court in a civil case. Rather, the order Relator was found to have violated, namely, an order to appear for trial, was entered in a criminal proceeding. Thus, this Court does not have original habeas corpus jurisdiction and we dismiss the petition for want of jurisdiction.