

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00141-CR

**IN RE: CHRISTOPHER C. BRANTLEY**

Original Proceeding Arising Out Of Proceedings
Before The 140th District Court Of Lubbock County;
No. 2013-437,916; Honorable Jim Bob Darnell, Presiding

May 20, 2013

**MEMORANDUM OPINION**

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Christopher C. Brantley, proceeding *pro se*, has filed an application for a writ of habeas corpus. He has been confined in the Lubbock County Jail since December 28, 2012,[1] and asserts he is being restrained in his liberty pending criminal charges. By his cover letter to the application, he indicates he has also filed this application for habeas corpus relief in the 140th District Court of Lubbock County. We dismiss this proceeding for want of jurisdiction.

---

[1]According to the petition, Brantley was tried for possession of a controlled substance with intent to deliver in trial court cause number 2011-433,301. That proceeding "resulted in a busted jury" and he has been re-indicted under cause number 2013-437,916

The Texas Constitution provides that courts of appeals shall "have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." *See* TEX. CONST. art. V, § 6. Pursuant to this constitutional directive, the Legislature established the authority of courts of appeals to issue writs. *See* TEX. GOV'T CODE ANN. § 22.221 (WEST 2004). This Court may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case. *See Id.* at § 22.221(d). *See also Watson v. State*, 96 S.W.3d 497, 500 (Tex.App.—Amarillo 2002, pet. ref'd). In criminal cases, this Court does not have original habeas corpus jurisdiction. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05 (WEST 2005). *See also Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex.App.—El Paso 1994, orig. proceeding).

Consequently, Brantley's application for writ of habeas corpus is dismissed for want of jurisdiction.

Patrick A. Pirtle
Justice

Do not publish.