COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| IN RE: ALBERTO ALVAREZ, | § | No. 08-13-00349-CR |
| Relator. | § | AN ORIGINAL PROCEEDING IN |
| | § | HABEAS CORPUS |
| | § | |

## MEMORANDUM OPINION

Alberto Alvarez, *pro se*, has filed in this Court a petition for writ of habeas corpus seeking relief from his conviction of felony driving while intoxicated due to alleged ineffective assistance of counsel at trial (trial court cause number 20080D01359). We dismiss the petition for want of jurisdiction.

A jury convicted Alvarez of felony driving while intoxicated and assessed his punishment at imprisonment for a term of twenty-five years. Alvarez appealed and this Court affirmed the conviction on May 22, 2013. *See Alvarez v. State*, No. 08-11-00063-CR, 2013 WL 2285862 (Tex.App.--El Paso May 22, 2013, pet. ref'd). The Court of Criminal Appeals denied the petition for discretionary review on September 11, 2013 and we issued the mandate on October 28, 2013. Alvarez filed his petition in this original proceeding on November 18, 2013. *See generally* TEX.R.APP.P. 52.1-52.11. He requests that we find he was denied the right to effective assistance of counsel at trial, reverse his conviction, and remand to the trial court with instructions to grant him a new trial.

A court of appeals has original jurisdiction "as may be prescribed by law." TEX.CONST. art. V, § 6. Section 22.221 of the Texas Government Code authorizes a court of appeals to issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court. TEX.GOV'T CODE ANN. § 22.221(a), (b)(West 2004). Alvarez does not allege and we do not find that issuance of the writ is necessary to enforce our jurisdiction. A court of appeals may also issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case. TEX.GOV'T CODE ANN. § 22.221(d). Section 22.221(d) is inapplicable here because Alvarez expressly seeks relief from his felony conviction. We do not have original habeas corpus jurisdiction in criminal cases. *See* TEX.CODE CRIM.PROC.ANN. art. 11.05 (West 2005)(providing that the writ of habeas corpus may be issued by the Court of Criminal Appeals, the district courts, the county courts, or any Judge of said courts); *Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex.App.--El Paso 1994, orig. proceeding). The Court of Criminal Appeals has exclusive jurisdiction to grant relief in a post-conviction habeas corpus proceeding where, as in this case, there is a final felony conviction. *See Padieu v. Court of Appeals of Texas, Fifth District*, 392 S.W.3d 115, 117 (Tex.Crim.App. 2013); TEX.CODE CRIM.PROC.ANN. art. 11. 07, §§ 3, 5 (West Supp. 2013). Accordingly, we dismiss the petition for want of jurisdiction.


November 22, 2013

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)