

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-14-00128-CR

## IN RE NORMAN CRITTENDEN

_____

## Original Proceeding

## MEMORANDUM OPINION

In this original proceeding, entitled "Petition for Writ of Mandamus and Prohibition," Relator requests us to order the trial court in his criminal case to enter an order dismissing the case for want of jurisdiction.[1]  Relator thus actually seeks habeas corpus relief from his underlying felony conviction.

The courts of appeals do not have original habeas corpus jurisdiction in criminal law matters.  *Ex parte Hearon*, 3 S.W.3d 650 (Tex. App.—Waco 1999, orig. proceeding)

---

[1] The petition has numerous procedural deficiencies.  It does not include the certification required by Rule of Appellate Procedure 52.3(j).  *See* TEX. R. APP. P. 52.3(j).  The appendix is not sworn, and there is no record.  *See id.* 52.3(k), 52.7.  It lacks proof of service on the Respondent trial judge and on the Walker County District Attorney, a Real-Party-in-Interest.  *See id.* 9.5, 52.2.  A copy of all documents presented to the Court must be served *on all parties* to the proceeding and must contain proof of service.  *Id.* 9.5.  Because of our disposition and to expedite it, we will implement Rule 2 and suspend these rules.  *Id.* 2.

(citing *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.); and

*Sanders v. State*, 771 S.W.2d 645, 650 (Tex. App.—El Paso 1989, pet. ref'd)); *Ex parte*

*Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding).

Accordingly, we dismiss this original proceeding for lack of jurisdiction.[2]


REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Petition dismissed
Opinion delivered and filed May 29, 2014
Do not publish
[OT06]

---

[2] Relator's application for leave to file his petition is dismissed as moot because leave is no longer required to file an original proceeding in an intermediate court of appeals.