

IN THE
TENHT COURT OF APPEALS

No. 10-14-00200-CR

EX PARTE FREDERICK BURRELL

Original Proceeding

MEMORANDUM OPINION

In this original proceeding,[1] Frederick Burrell seeks pretrial habeas corpus relief for the alleged delays in his five pending criminal cases and for his previous attorney's alleged misconduct.

Courts of appeals do not have original habeas corpus jurisdiction in criminal law matters. *Ex parte Hearon*, 3 S.W.3d 650 (Tex. App.—Waco 1999, orig. proceeding) (citing *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.); and *Sanders v. State*, 771 S.W.2d 645, 650 (Tex. App.—El Paso 1989, pet. ref'd)); *Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding); *see also Ex parte Graves*, 271 S.W.3d 801, 807 (Tex. App.—Waco 2008, pet. ref'd) ("But a speedy-trial claim is not

---

[1] The petition lacks proper proof of service. A copy of all documents presented to the Court must be served *on all parties* (*i.e.*, the trial court judge and the district attorney) and must contain proof of service. TEX. R. APP. P. 9.5, 52.2. The petition also lacks most of the contents required by Rule 52. *Id.* 52.3, 52.7. To expedite this matter, we implement Rule of Appellate Procedure 2 to suspend these requirements. *Id.* 2.

cognizable on a pretrial writ of habeas corpus. '[A]n applicant may not use a pretrial writ to assert his or her constitutional rights to a speedy trial. …'").

Accordingly, we dismiss Burrell's petition for writ of habeas corpus for lack of jurisdiction.


                                                       REX D. DAVIS
                                                       Justice

Before Chief Justice Gray,
       Justice Davis, and
       Justice Scoggins
Petition dismissed
Opinion delivered and filed July 17, 2014
Do not publish
[OT06]