

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-17-00451-CV

---

EX PARTE A.M.

---

ORIGINAL PROCEEDING

---

January 16, 2018

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Relator, A.M.,[1] an inmate proceeding *pro se*, filed a petition for writ of habeas corpus in this Court seeking to recover possession of her children and to dismiss her pending criminal charges.[2] We dismiss this original proceeding for want of jurisdiction.

In April of 2017, the 99th District Court of Lubbock County, Texas, terminated A.M.'s parental rights to five of her six children, I.B., P.S.S.-D, K.D., S.J., and S.J., and appointed the Department of Family and Protective Services sole managing conservator

---

[1] To protect the children's privacy, we will refer to relator and the children by their initials. *See* Tex. R. App. P. 9.8(b).

[2] A.M. filed documents with this Court on December 5, 2017; December 20, 2017; December 29, 2017; January 5, 2018; January 9, 2018; and January 12, 2018. We have construed these filings as a single petition for writ of habeas corpus. *See* Tex. R. App. P. 52.1.

of her oldest child, L.P. A.M. appealed the order of termination and we affirmed the order in *In re L.P.*, No. 07-17-00155-CV, 2017 Tex. App. LEXIS 8924 (Tex. App.—Amarillo Sept. 20, 2017, pet. denied) (mem. op.). According to her petition for writ of habeas corpus, A.M. is presently in jail awaiting trial on charges of aggravated assault of a family member. By her petition, she requests that we issue a writ of habeas that returns possession of her children to her and dismisses her criminal charges.

Courts of appeals have limited jurisdiction to issue writs of habeas corpus. We may only issue a writ of habeas in situations where a relator's restraint of liberty arises from a violation of a court order previously made in a civil case. *In re Reece*, 341 S.W.3d 360, 363 n.3 (Tex. 2011) (orig. proceeding); TEX. GOV'T CODE ANN. § 22.221(d) (West Supp. 2017). Thus, we have no original habeas corpus jurisdiction in criminal law matters. *See Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref'd); TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2015) (habeas jurisdiction in criminal proceedings rests with the Texas Court of Criminal Appeals, the district courts, and the county courts).

In her petition, A.M. cites various provisions of Texas Family Code Section 157.371, et seq., as a basis for the return of her children. Although the Family Code allows a person to recover possession of a child in certain circumstances by filing a petition for writ of habeas corpus, we find no authority providing this Court with jurisdiction to issue such writs. *See* TEX. FAM. CODE ANN. §§ 157.371-.376 (West 2014) (requiring the petition to be filed in the court of continuing, exclusive jurisdiction or in a court with jurisdiction to issue said writs in the county in which the child is found); *In re McLane*, No. 01-08-00763-CV, 2009 Tex. App. LEXIS 9776, at *3-4 (Tex. App.—Houston [1st Dist.]

2

Nov. 30, 2009, orig. proceeding) (per curiam) (mem. op.) (dismissing Section 157.372 writ of habeas for want of jurisdiction). Likewise, we find no authority granting us jurisdiction to issue a writ of habeas dismissing A.M.'s pending criminal charges. *See Ex parte McGee*, No. 07-17-00356-CR, 2017 Tex. App. LEXIS 9897 (Tex. App.—Amarillo Oct. 23, 2017, orig. proceeding) (per curiam) (mem. op., not designated for publication). Because A.M.'s petition does not seek relief from an order restraining her liberty as the result of her violation of a previous order in a civil case, we lack jurisdiction to issue a writ of habeas corpus. *See Ex parte Hawkins*, 885 S.W.2d 586, 589 (Tex. App.—El Paso 1994, orig. proceeding) (per curiam).

Accordingly, this original proceeding is dismissed for want of jurisdiction.

Per Curiam