

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-21-00038-CR
_____

EX PARTE MAURICE ELLISON

ORIGINAL PROCEEDING ON APPLICATION FOR WRIT OF HABEAS CORPUS

March 9, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appearing pro se, Maurice Ellison filed an application for writ of habeas corpus with this Court seeking to set aside a final felony conviction. According to the habeas application, Ellison was convicted of capital murder in 1982 by the 249th District Court of Johnson County, Texas.

An intermediate court of appeals does not have original habeas corpus jurisdiction in criminal law matters. *See* TEX. GOV'T CODE ANN. § 22.221(d) (West Supp. 2020) (limiting original habeas jurisdiction of intermediate appellate courts to civil matters); *Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding) (per curiam). Habeas jurisdiction in criminal proceedings rests with the Court of Criminal

Appeals, the district courts, and the county courts. TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2015); *Ex parte Hawkins*, 885 S.W.2d at 588. Only the Court of Criminal Appeals has authority to grant post-conviction habeas relief in felony cases. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985).

Accordingly, we dismiss Ellison's application for writ of habeas corpus for want of jurisdiction.

Per Curiam

Do not publish.