

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-21-00169-CR
_____

EX PARTE DONALD RAY MCCRAY

ORIGINAL PROCEEDING ON APPLICATION FOR WRIT OF HABEAS CORPUS

July 28, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appearing pro se, Donald Ray McCray filed a compilation of documents which included a request that he be released from prison due to improper sentencing. We construe the documents to be an application for writ of habeas corpus with this Court challenging a final felony conviction. However, as an intermediate court of appeals, we do not have original habeas corpus jurisdiction in criminal matters. *See* TEX. GOV'T CODE ANN. § 22.221(d) (West Supp. 2020) (limiting original habeas jurisdiction of intermediate appellate courts to civil matters); *Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding) (per curiam). That jurisdiction instead rests with the Court of Criminal Appeals, the district courts, and the county courts. TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2015); *Ex parte Hawkins*, 885 S.W.2d at 588. And only the Court

of Criminal Appeals has authority to grant post-conviction habeas relief in felony cases. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985).

For these reasons, we dismiss McCray's application for writ of habeas corpus for want of jurisdiction.

Per Curiam

Do not publish.