

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-21-00206-CR

EX PARTE ALLEN LEE BELL

ORIGINAL PROCEEDING ON APPLICATION FOR WRIT OF HABEAS CORPUS

September 30, 2021

MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appearing pro se, Allen Lee Bell, filed an "application seeking relief from a final felony conviction and false imprisonment." We have construed the document as an application for writ of habeas corpus in a criminal case.[1]

This Court has no original habeas corpus jurisdiction in criminal law matters. *See* TEX. GOV'T CODE ANN. § 22.221(d) (limiting original habeas jurisdiction of intermediate appellate courts to civil matters); *Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding) (per curiam). That jurisdiction instead rests with the Court

---

[1] We previously affirmed Bell's conviction for sexual assault in *Bell v. State*, No. 07-08-00329-CR, 2009 Tex. App. LEXIS 711, at *2 (Tex. App. — Amarillo Feb. 3, 2009, no pet.) (mem. op., not designated for publication).

of Criminal Appeals, the district courts, and the county courts.  TEX. CODE CRIM. PROC. ANN. ART. 11.05; *Ex parte Hawkins*, 885 S.W.2d at 588.  Only the Court of Criminal Appeals has authority to grant post-conviction habeas relief in final felony cases.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985).

For these reasons, we dismiss Bell's application for writ of habeas corpus for want of jurisdiction.

Per Curiam

Do not publish.