

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00280-CR

## EX PARTE DOUGLAS LEE LINCOLN, JR.

### Original Proceeding

### From the 443rd District Court
### Ellis County, Texas
### Trial Court No. 46201-CR

## MEMORANDUM OPINION

In a document entitled, "Motion to Dismiss Cause # 46201-CR or to Seek Relief or Resolution," Douglas Lee Lincoln, Jr. contends he is being held illegally in the Ellis County jail on an aggravated assault charge for which he also contends there is no evidence and no witnesses necessary for a conviction and that several of his civil rights have been violated. Lincoln contends he has filed a motion to dismiss in the trial court to no avail. Lincoln asks this Court to either dismiss his criminal case or accept his complaint as a civil rights complaint and set a court date for the defendants to "appear to answer." We consider and file this document as an original proceeding: an application for a writ of habeas corpus in a criminal case.

A writ of habeas corpus is the remedy to be used when any person's liberty is restrained, and it is issued by a court or judge of competent jurisdiction. TEX. CODE CRIM. PROC. art. 11.01. Jurisdiction to grant a writ of habeas corpus in a criminal case vests with the Court of Criminal Appeals, the district courts, the county courts, or any judge in those courts. *See* TEX. CODE CRIM. PROC. art. 11.05; *Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding). Thus, courts of appeals, such as this Court, have no original habeas-corpus jurisdiction in criminal matters. *Id. See also In re Spriggs*, 528 S.W.3d 234, 236 (Tex. App.—Amarillo 2017, orig. proceeding); *In re Ayers*, 515 S.W.3d 356 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding).

Because this Court does not have original habeas corpus jurisdiction, we cannot rule on Lincoln's requests. Accordingly, we dismiss this proceeding.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Original proceeding dismissed
Opinion delivered and filed November 3, 2021
Do not publish
[OT06]

