

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-21-00282-CR

**EX PARTE JERMAIN GAITHER**

ORIGINAL PROCEEDING ON APPLICATION FOR WRIT OF HABEAS CORPUS

November 30, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appearing pro se, Jermain Gaither, filed a "Motion to Reformation of the Judgment," wherein he requests this Court "delete the affirmative deadly weapon finding" in his judgment of conviction.[1]  We have construed the document as an application for writ of habeas corpus in a criminal case challenging his final felony conviction.

As an intermediate appellate court, this Court has no original habeas corpus jurisdiction in criminal law matters. *See* TEX. GOV'T CODE ANN. § 22.221(d) (limiting original habeas jurisdiction of intermediate appellate courts to civil matters); *Ex parte*

---

[1] We previously affirmed Gaither's conviction for aggravated robbery in *Gaither v. State*, No. 07-15-00204-CR, 2015 Tex. App. LEXIS 12402 (Tex. App.—Amarillo Dec. 7, 2015, pet. ref'd) (mem. op., not designated for publication).

*Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding) (per curiam). That jurisdiction instead rests with the Court of Criminal Appeals, the district courts, and the county courts. TEX. CODE CRIM. PROC. ANN. art. 11.05; *Ex parte Hawkins*, 885 S.W.2d at 588. Only the Court of Criminal Appeals has authority to grant post-conviction habeas relief in final felony cases. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985). For these reasons, we dismiss Gaither's application for writ of habeas corpus for want of jurisdiction.

Per Curiam

Do not publish.