**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed January 27, 2022.**



In The

# Fourteenth Court of Appeals

### NO. 14-21-00756-CR

### IN RE BOBBY SCOTT GONZALEZ, Relator

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
228th District Court
Harris County, Texas
Trial Court Cause No. 924707**

## MEMORANDUM OPINION

On December 23, 2021, relator Bobby Scott Gonzalez filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to reform his sentence from forty years' incarceration without parole to forty years' incarceration with parole and "reduce" his conviction for murder to the lesser included offense of manslaughter.

Relator is requesting habeas corpus relief. Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts. Tex. Code Crim. Proc. Ann. art. 11.05 (West 2015); *Ex Parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding). While the courts of appeals have mandamus jurisdiction in criminal matters, only the Court of Criminal Appeals has "jurisdiction in final post-conviction felony proceedings." Tex. Code Crim. Proc. Ann. art. 11.07 § 5; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991). Therefore, this court is without jurisdiction to consider relator's petition requesting habeas corpus relief.

Accordingly, we dismiss relator's petition for writ of mandamus for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Jewell, Bourliot, and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).