

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00040-CR

---

**EX PARTE JACKIE LEE BIBBS**

---

ORIGINAL PROCEEDING ON APPLICATION FOR WRIT OF HABEAS CORPUS

---

February 15, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Jackie Lee Bibbs was convicted of capital murder and sentenced to life without parole. This Court affirmed his conviction and sentence. *Bibbs v. State*, 371 S.W.3d 564 (Tex. App.—Amarillo 2012, pet ref'd). On February 8, 2022, Bibbs, appearing pro se, filed a "Motion to Vacate Judgment" in this Court challenging his final felony conviction. We construe the document as an application for writ of habeas corpus and dismiss for want of jurisdiction.

Intermediate courts of appeals do not have original habeas corpus jurisdiction in criminal law matters. *See* TEX. GOV'T CODE ANN. § 22.221(d) (limiting original habeas jurisdiction of intermediate appellate courts to civil cases); *Ex parte Hawkins*, 885 S.W.2d

586, 588 (Tex. App.—El Paso 1994, orig. proceeding) (per curiam). That jurisdiction instead rests with the Court of Criminal Appeals, the district courts, and the county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05; *Ex parte Hawkins*, 885 S.W.2d at 588. And, only the Court of Criminal Appeals has authority to grant post-conviction habeas relief in felony cases. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985).

For these reasons, we dismiss Bibbs' application for writ of habeas corpus for want of jurisdiction.

Per Curiam

Do not publish.