

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-22-00098-CR
07-22-00099-CR
07-22-00100-CR
07-22-00101-CR
07-22-00102-CR

EX PARTE JOSEPH CHARLES CAMPA

ORIGINAL PROCEEDING ON APPLICATION FOR WRIT OF HABEAS CORPUS

April 27, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appearing pro se, Joseph Charles Campa filed a "Motion for Writ of Appeal Under Texas Code of Criminal Procedure Rule Art. 64.03 and Art. 64.05" with this Court seeking to set aside five final felony convictions.[1]  We construe the document as an application for writ of habeas corpus and dismiss it for want of jurisdiction.

---

[1] Campa was previously convicted of continuous sexual abuse of a child under the age of 14, prohibited sexual conduct, and sexual assault of a child.  This Court affirmed the convictions on appeal. *See Campa v. State,* Nos. 07-16-00306-CR, 07-16-00307-CR, 07-16-00308-CR, 07-16-00309-CR, 07-16-00310-CR, 2018 Tex. App. LEXIS 4874, at *21 (Tex. App.—Amarillo June 28, 2018, no pet.) (mem. op., not designated for publication).

Intermediate courts of appeals do not have original habeas corpus jurisdiction in criminal law matters. *See* TEX. GOV'T CODE ANN. § 22.221(d) (limiting original habeas jurisdiction of intermediate appellate courts to civil cases); *Ex parte Hawkins*, 885 S.W.2d 586, 588-89 (Tex. App.—El Paso 1994, orig. proceeding) (per curiam). That jurisdiction instead rests with the Court of Criminal Appeals, the district courts, and the county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05; *Ex parte Hawkins*, 885 S.W.2d at 588. Only the Court of Criminal Appeals has authority to grant post-conviction habeas relief in felony cases. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985).

Accordingly, we dismiss Campa's application for writ of habeas corpus for want of jurisdiction.[2]

Per Curiam

Do not publish.

---

[2] Campa may be entitled to habeas relief by filing an application for writ of habeas corpus with the clerk of the court in which the conviction being challenged was obtained, returnable to the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07.