

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00090-CR
_____

EX PARTE JOEL EUGENE MILLER, JR.

ORIGINAL PROCEEDING ON APPLICATION FOR WRIT OF HABEAS CORPUS

May 11, 2022

## MEMORANDUM OPINION

### Before PIRTLE and PARKER and DOSS, JJ.

Joel Eugene Miller, Jr. filed a "Motion for Authorization to File a Successive Out-Of-Time Petition for Discretionary Review" with this court, seeking post-conviction relief from his felony criminal conviction.  We construe the document as an application for writ of habeas corpus and dismiss it for want of jurisdiction.

Intermediate courts of appeals do not have original habeas corpus jurisdiction in criminal law matters.  *See* TEX. GOV'T CODE ANN. § 22.221(d) (limiting original habeas jurisdiction of intermediate appellate courts to civil cases); *Ex parte Hawkins*, 885 S.W.2d

586, 588-89 (Tex. App.—El Paso 1994, orig. proceeding) (per curiam). That jurisdiction instead rests with the Court of Criminal Appeals, the district courts, and the county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05; *Ex parte Hawkins*, 885 S.W.2d at 588. Only the Court of Criminal Appeals has authority to grant post-conviction habeas relief in felony cases. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985).

For these reasons, we dismiss Miller's application for writ of habeas corpus for want of jurisdiction.[1]

Per Curiam

Do not publish.

---

[1] Miller may be entitled to relief by filing an application for writ of habeas corpus with the clerk of the court in which the conviction being challenged was obtained, returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07.