

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00166-CR

**EX PARTE RICKY BOLTON**

**ORIGINAL PROCEEDING ON APPLICATION FOR WRIT OF HABEAS CORPUS**

June 13, 2022

## MEMORANDUM OPINION

**Before QUINN, C.J., and PARKER and DOSS, JJ.**

Ricky Bolton, proceeding pro se, has filed a document with this Court seeking habeas relief from his criminal conviction.[1] We construe the document as an application for writ of habeas corpus and dismiss it for want of jurisdiction.

Intermediate courts of appeals do not have original habeas corpus jurisdiction in criminal law matters. *See* TEX. GOV'T CODE ANN. § 22.221(d) (limiting original habeas jurisdiction of intermediate appellate courts to civil cases); *Ex parte Hawkins*, 885 S.W.2d 586, 588-89 (Tex. App.—El Paso 1994, orig. proceeding) (per curiam). That jurisdiction

---

[1] In 2009, Bolton was convicted of possession of a controlled substance and sentenced to two years' confinement in a state jail facility. This Court affirmed his conviction on appeal. *See Bolton v. State*, No. 07-09-00376-CR, 2010 Tex. App. LEXIS 7823, at *14 (Tex. App.—Amarillo Sep. 23, 2010, no pet.) (mem. op., not designated for publication).

instead rests with the Court of Criminal Appeals, the district courts, and the county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05; *Ex parte Hawkins*, 885 S.W.2d at 588. Only the Court of Criminal Appeals has authority to grant post-conviction habeas relief in felony cases. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985).

For these reasons, we dismiss Bolton's application for writ of habeas corpus for want of jurisdiction.[2]

Per Curiam

Do not publish.

---

[2] Bolton may be entitled to habeas relief by filing an application for writ of habeas corpus with the clerk of the court in which the conviction being challenged was obtained, returnable to the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07.