

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00267-CR

EX PARTE GILBERT JOSEPH CARRASCO

ORIGINAL PROCEEDING ON APPLICATION FOR WRIT OF HABEAS CORPUS

October 5, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Gilbert Joseph Carrasco, proceeding pro se, filed document or petition through which he seeks a "writ of exoneration." Therein, he mentions being incarcerated for 12 months, "never" having been "found guilty," and being "innocent of [the] crime." To which "crime" he alludes is unmentioned, as is whether he remains incarcerated. Yet, he seeks damages redressing his incarceration, an expunction of records, and a writ of mandamus.

To the extent that he is incarcerated and seeks release, we interpret his request as a petition for writ of habeas corpus. As such, we lack jurisdiction to consider it for our authority extends only to civil cases. *See* TEX. GOV'T CODE ANN. § 22.221(d) (limiting original habeas jurisdiction of intermediate appellate courts to **civil cases**); *Ex parte*

*Hawkins*, 885 S.W.2d 586, 588–89 (Tex. App.—El Paso 1994, orig. proceeding) (per curiam).

To the extent Carrasco seeks a writ of mandamus, our jurisdiction is again limited. Statute permits us to issue such writs only to enforce our jurisdiction, or only "against" judges. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b)(1)–(3) (naming the specific judges subject to an appellate court's mandamus jurisdiction). Carrasco mentions no judge against or judicial act about which he seeks mandamus. Nor does he mention the existence of an appeal before us necessitating mandamus intervention to protect our jurisdiction over it. Thus, his allegations fail to trigger our mandamus jurisdiction.

Accordingly, we dismiss Carrasco's petition for want of jurisdiction.

Per Curiam

Do not publish.

2