

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00079-CV

IN RE THE COMMITMENT OF TIMOTHY DANIEL RENSHAW

Original Habeas Proceeding

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

After a jury determined that Timothy Daniel Renshaw was a sexually violent predator as defined in Section 841.003 of the Texas Health and Safety Code, *see* TEX. HEALTH & SAFETY CODE ANN. § 841.003, the trial court entered judgment on the jury's verdict and committed Renshaw for treatment and supervision, to begin upon Renshaw's release from prison, *see* TEX. HEALTH & SAFETY CODE ANN. § 841.081. Renshaw appealed the trial court's judgment. *See In re Commitment of Renshaw*, 598 S.W.3d 303 (Tex. App.—Texarkana 2020, no pet.) (affirming sexually-violent-predator finding). Renshaw has filed a petition for a writ of habeas corpus in this Court claiming that his continued confinement is unlawful because his "'behavioral abnormality' has changed to the extent that Renshaw is no longer likely to engage in a predatory act of sexual violence." Because we conclude that we do not have jurisdiction over this original proceeding, we dismiss the petition.

The jurisdictional provisions of the Texas Constitution relating to appellate courts are found in Article V, Section 6(a), which provides, in pertinent part:

> Said Court of Appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law. . . . Said courts shall have such other jurisdiction, original and appellate, as may be prescribed by law.

TEX. CONST. art. V, § 6(a). In accordance with Article V, Section 6(a), we have original jurisdiction as prescribed by law. Our jurisdiction in original appellate proceedings seeking

2

extraordinary relief—such as a writ of habeas corpus—is prescribed by Section 22.221(d) of the Texas Government Code, which provides, in relevant part:

> Concurrently with the supreme court, the court of appeals of a court of appeals district in which a person is restrained in his liberty, or a justice of the court of appeals, may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case.

TEX. GOV'T CODE ANN. § 22.221(d) (Supp.).

> Because section 22.221(d) grants original habeas jurisdiction when a person is restrained 'by virtue of an order . . . issued by a court . . . *because of the violation* of an order, judgment, or decree previously made . . . by the court or judge in a civil case[,]' we lack original habeas jurisdiction to consider an order that does not involve a contemnor's violation of a previous court order.

*In re Wilson*, No. 09-16-00140-CV, 2016 WL 3019289, at *1 (Tex. App.—Beaumont May 26, 2016, orig. proceeding) (per curiam) (mem. op.); *see Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding) (per curiam) (appellate court's "original jurisdiction to issue a writ of habeas corpus is limited to those cases in which a person's liberty is restrained because the person has violated an order, judgment, or decree entered in a civil case"); *see In re Reece*, 341 S.W.3d 360, 369–70 (Tex. 2011) (orig. proceeding) (court lacked habeas jurisdiction of judgment for constructive contempt under statute describing Texas Supreme Court's original jurisdiction).

Because the allegations in Renshaw's petition do not fall within the parameters of Section 22.221(d), we lack jurisdiction over this original proceeding.

We dismiss for want of jurisdiction Renshaw's petition for a writ of habeas corpus.


Scott E. Stevens
Justice

Date Submitted:     October 31, 2022
Date Decided:       November 1, 2022