

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00079-CR
No. 07-23-00080-CR
No. 07-23-00081-CR
No. 07-23-00082-CR

**EX PARTE CEDRIC DEWAYNE MCNEAL**

ORIGINAL PROCEEDING ON APPLICATION FOR WRIT OF HABEAS CORPUS

March 15, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Cedric Dewayne McNeal, proceeding pro se, filed four "petitions" with this Court seeking post-conviction relief from his four final felony convictions. We construe the documents as applications for writs of habeas corpus and dismiss them for want of jurisdiction.

Intermediate courts of appeals do not have original habeas corpus jurisdiction in criminal law matters. *See* TEX. GOV'T CODE ANN. § 22.221(d) (limiting original habeas jurisdiction of intermediate appellate courts to civil cases); *Ex parte Hawkins*, 885 S.W.2d 586, 588-89 (Tex. App.—El Paso 1994, orig. proceeding) (per curiam). That jurisdiction

instead rests with the Court of Criminal Appeals, the district courts, and the county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05; *Ex parte Hawkins*, 885 S.W.2d at 588. Only the Court of Criminal Appeals has authority to grant post-conviction habeas relief in felony cases. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985).

For these reasons, we dismiss McNeal's applications for writs of habeas corpus for want of jurisdiction.[1]

Per Curiam

Do not publish.

---

[1] McNeal may be entitled to habeas relief by filing an application for writ of habeas corpus with the clerk of the court in which the conviction being challenged was obtained, returnable to the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07.