

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-23-00454-CR

___

**EX PARTE LACHARLES CURTIS**

___

ORIGINAL PROCEEDING

___

January 23, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

LaCharles Curtis, proceeding pro se, has filed a document with this Court titled "Motion to Dismiss for Speedy Trial Violation." In the document, Curtis alleges that he has been incarcerated since 2020, awaiting trial for criminal charges pending in the 364th District Court of Lubbock County. Curtis appears to seek various relief from this Court, including release from confinement, dismissal of his indictment, and an order directing the trial court to rule on his speedy trial motions and motion to dismiss the indictment. Accordingly, we have construed the document as both an application for writ of habeas corpus and a petition for writ of mandamus.

To the extent Curtis seeks habeas relief from this Court, intermediate courts of appeals do not have original habeas corpus jurisdiction in criminal law matters. *See* TEX. GOV'T CODE ANN. § 22.221(d) (limiting original habeas jurisdiction of intermediate appellate courts to civil cases); *Ex parte Hawkins*, 885 S.W.2d 586, 588–89 (Tex. App.—El Paso 1994, orig. proceeding) (per curiam). That jurisdiction instead rests with the Court of Criminal Appeals, the district courts, and the county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05, 11.08, 11.09; *Ex parte Hawkins*, 885 S.W.2d at 588. Consequently, we dismiss Curtis's application for writ of habeas corpus for want of jurisdiction.

To the extent Curtis requests mandamus relief, the document fails to meet the requirements of a petition for writ of mandamus as, *inter alia*, it is not accompanied by a record. *See* TEX. R. APP. P. 52.3 (delineating the required form and contents for a petition for writ of mandamus), 52.7 (requiring relator to file a certified or sworn copy of every document material to the claim for relief that was filed in the underlying proceeding). Without a mandamus record, we cannot determine whether mandamus relief is warranted. *See In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam) ("Mandamus is an extraordinary remedy granted only when the relator shows that the trial court abused its discretion and that no adequate appellate remedy exists."). For this reason, we deny Curtis's petition for writ of mandamus.

Per Curiam

Do not publish.

2