

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-24-00094-CR

_____

EX PARTE JOSHUA JOE MOLINAR

_____

ORIGINAL PROCEEDING

_____

March 27, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Joshua Joe Molinar, proceeding pro se, filed documents with this Court titled (1) "Ex Parte Motion for Speedy Trial Pursuant to Sixth Amendment," (2) "Ex Parte for Dismissal Pursuant 18 Appendix U.S.C. SEC 48(b)(3)," and (3) "Ex Parte Motion to Dismiss Speedy Trial Act of 1974, 18 U.S.C. 3161(c)(1)." By these documents, Molinar requests that we dismiss his pending criminal charges. We have construed the documents collectively as an application for writ of habeas corpus.[1]

---

[1] By letter of March 12, 2024, we directed Molinar to demonstrate how we have jurisdiction over this original proceeding. In response, Molinar filed an additional document titled "Application for a Writ of Habeas Corpus Seeking Relief Under Code of Criminal Procedure, Article 11.07," again requesting dismissal of his criminal indictment.

Intermediate courts of appeals do not have original habeas corpus jurisdiction in criminal law matters. *See* TEX. GOV'T CODE ANN. § 22.221(d) (limiting original habeas jurisdiction of intermediate appellate courts to civil cases); *Ex parte Hawkins*, 885 S.W.2d 586, 588–89 (Tex. App.—El Paso 1994, orig. proceeding) (per curiam). That jurisdiction instead rests with the Court of Criminal Appeals, the district courts, and the county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05, 11.08, 11.09; *Ex parte Hawkins*, 885 S.W.2d at 588.

Consequently, we dismiss Molinar's application for writ of habeas corpus for want of jurisdiction.[2]

Per Curiam

Do not publish.

---

[2] To the extent the documents filed by Molinar seek mandamus relief, we note that they fail to meet the requirements of a petition for writ of mandamus as, inter alia, they are not accompanied by a record. *See* TEX. R. APP. P. 52.3 (delineating the required form and contents for a petition for writ of mandamus), 52.7 (requiring relator to file a certified or sworn copy of every document material to the claim for relief that was filed in the underlying proceeding). Without a mandamus record, we cannot determine whether mandamus relief is warranted. *See In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam) ("Mandamus is an extraordinary remedy granted only when the relator shows that the trial court abused its discretion and that no adequate appellate remedy exists.").