

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-24-00193-CR

EX PARTE FREDDIE GONZALES

ORIGINAL PROCEEDING

June 13, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Freddie Gonzales, proceeding pro se, filed a document with this Court asserting that he is being restrained in the Lubbock County Detention Center, awaiting trial for pending criminal charges, in violation of his constitutional and civil rights. We have construed the document as requesting pretrial habeas relief.

Intermediate courts of appeals do not have original habeas corpus jurisdiction in criminal law matters. *See* TEX. GOV'T CODE ANN. § 22.221(d) (limiting original habeas jurisdiction of intermediate appellate courts to civil cases); *Ex parte Hawkins*, 885 S.W.2d 586, 588–89 (Tex. App.—El Paso 1994, orig. proceeding) (per curiam). That jurisdiction instead rests with the Court of Criminal Appeals, the district courts, and the county courts.

*See* TEX. CODE CRIM. PROC. ANN. arts. 11.05, 11.08, 11.09; *Ex parte Hawkins*, 885 S.W.2d at 588.

Consequently, we dismiss Gonzales application for writ of habeas corpus for want of jurisdiction.[1]

Per Curiam

Do not publish.

---

[1] In the document, Gonzales also claims he has been wrongly denied substitution of appointed counsel. To the extent, Gonzales seeks mandamus relief, we note that his filing fails to meet the requirements of a petition for writ of mandamus as, inter alia, he does not provide a mandamus record. *See* TEX. R. APP. P. 52.3 (delineating the required form and contents for a petition for writ of mandamus), 52.7 (requiring relator to file a certified or sworn copy of every document material to the claim for relief that was filed in the underlying proceeding). Without a mandamus record, we cannot determine whether mandamus relief is warranted. *See In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam) ("Mandamus is an extraordinary remedy granted only when the relator shows that the trial court abused its discretion and that no adequate appellate remedy exists.").