

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00209-CR
No. 07-24-00210-CR

**EX PARTE RICHARD ALLEN CLICK**

ORIGINAL PROCEEDING

July 2, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Richard Allen Click has filed a document with this Court titled "Motion to Correct Erroneous Sentences." Click was previously convicted of two counts of sexual assault of a child and sentenced to consecutive sentences of twenty years of confinement. *See Click v. State*, Nos. 07-04-00103-CR, 07-04-00117-CR, 2005 Tex. App. LEXIS 7796, at *1 (Tex. App.—Amarillo Sep. 22, 2005, pet. ref'd) (mem. op.) (affirming the convictions). By his present filing, Click requests that we "correct" his criminal sentences. We construe the document as an application for writ of habeas corpus.

Intermediate courts of appeals do not have original habeas corpus jurisdiction in criminal law matters. *See* TEX. GOV'T CODE ANN. § 22.221(d) (limiting original habeas

jurisdiction of intermediate appellate courts to civil cases); *Ex parte Hawkins*, 885 S.W.2d 586, 588–89 (Tex. App.—El Paso 1994, orig. proceeding) (per curiam). That jurisdiction instead rests with the Court of Criminal Appeals, the district courts, and the county courts. *See* TEX. CODE CRIM. PROC. ANN. arts. 11.05, 11.08, 11.09; *Ex parte Hawkins*, 885 S.W.2d at 588. Only the Court of Criminal Appeals has authority to grant post-conviction habeas relief in felony cases. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985).

For these reasons, we dismiss Click's application for writ of habeas corpus for want of jurisdiction.[1]

Per Curiam

Do not publish.

---

[1] Click may be entitled to habeas relief by filing an application for writ of habeas corpus with the clerk of the court in which the conviction being challenged was obtained, returnable to the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07.