

In The
# Court of Appeals
## Seventh District of Texas at Amarillo

---

No. 07-24-00238-CR

---

EX PARTE GARLYNN THIBODEAUX

---

ORIGINAL PROCEEDING

---

July 29, 2024

## MEMORANDUM OPINION

**Before QUINN, C.J., and PARKER and YARBROUGH, JJ.**

Garlynn Thibodeaux, proceeding pro se, filed a "Motion to Enter Nunc Pro Tunc Order" in this Court seeking post-conviction relief from his final felony conviction. *See Thibodeaux v. State*, 521 S.W.3d 421, 426 (Tex. App.—Amarillo 2017, pet. ref'd) (affirming Thibodeaux's conviction for unlawful possession of a firearm). We construe the document as an application for writ of habeas corpus.

Intermediate courts of appeals do not have original habeas corpus jurisdiction in criminal law matters. *See* TEX. GOV'T CODE ANN. § 22.221(d) (limiting original habeas jurisdiction of intermediate appellate courts to civil cases); *Ex parte Hawkins*, 885 S.W.2d 586, 588–89 (Tex. App.—El Paso 1994, orig. proceeding) (per curiam). That jurisdiction

instead rests with the Court of Criminal Appeals, the district courts, and the county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05; *Ex parte Hawkins*, 885 S.W.2d at 588.  Only the Court of Criminal Appeals has authority to grant post-conviction habeas relief in felony cases.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985).

For these reasons, we dismiss Thibodeaux's application for writ of habeas corpus for want of jurisdiction.[1]

Per Curiam

Do not publish.

---

[1] Thibodeaux may be entitled to habeas relief by filing an application for writ of habeas corpus with the clerk of the court in which the conviction being challenged was obtained, returnable to the Court of Criminal Appeals.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07.