

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-24-00266-CR
_____

EX PARTE FREDERICK DEWAYNE MARSH

ORIGINAL PROCEEDING

August 20, 2024

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Fredrick Dewayne Marsh, proceeding pro se, filed a "Motion to Set Aside Judgment" in this Court seeking post-conviction relief from his final felony conviction. *See Marsh v. State*, No. 07-22-00141-CR, 2023 Tex. App. LEXIS 2850, at *2 (Tex. App.—Amarillo Apr. 28, 2023, no pet.) (affirming Marsh's conviction for forgery). We construe the document as an application for writ of habeas corpus.

Intermediate courts of appeals do not have original habeas corpus jurisdiction in criminal law matters. *See* TEX. GOV'T CODE ANN. § 22.221(d) (limiting original habeas jurisdiction of intermediate appellate courts to civil cases); *Ex parte Hawkins*, 885 S.W.2d 586, 588–89 (Tex. App.—El Paso 1994, orig. proceeding) (per curiam). That jurisdiction

instead rests with the Court of Criminal Appeals, the district courts, and the county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05; *Ex parte Hawkins*, 885 S.W.2d at 588. Only the Court of Criminal Appeals has authority to grant post-conviction habeas relief in felony cases. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985).

For these reasons, we dismiss Marsh's application for writ of habeas corpus for want of jurisdiction.[1]

Per Curiam

Do not publish.

---

[1] Marsh may be entitled to habeas relief by filing an application for writ of habeas corpus with the clerk of the court in which the conviction being challenged was obtained, returnable to the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07.