

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-24-00280-CR
_____

EX PARTE MARIA VELASQUEZ

ORIGINAL PROCEEDING

September 17, 2024

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Maria Velasquez, proceeding pro se, filed a document with this Court titled, "Writ of habeus [sic]" and an accompanying statement describing her circumstances. By these documents, Velasquez argues that she is not guilty and "want[s] to fight this to be dismissed . . . ." We have construed her filing as an application for writ of habeas corpus.

Intermediate courts of appeals do not have original habeas corpus jurisdiction in criminal law matters. *See* TEX. GOV'T CODE ANN. § 22.221(d) (limiting original habeas jurisdiction of intermediate appellate courts to civil cases); *Ex parte Hawkins*, 885 S.W.2d 586, 588–89 (Tex. App.—El Paso 1994, orig. proceeding) (per curiam). Such jurisdiction rests with the Court of Criminal Appeals, the district courts, and the county courts. *See*

TEX. CODE CRIM. PROC. ANN. arts. 11.05, 11.08, 11.09; *Ex parte Hawkins*, 885 S.W.2d at 588.

Accordingly, we dismiss Velasquez's application for writ of habeas corpus for want of jurisdiction.[1]

Per Curiam

Do not publish.

---

[1] Velasquez may seek habeas relief by filing an application for writ of habeas corpus with the clerk of the court in which the conviction being challenged was obtained, returnable to the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07.