

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-24-00305-CR

EX PARTE MARIA VELASQUEZ

ORIGINAL PROCEEDING

October 22, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Maria Velasquez, proceeding pro se, filed an application for writ of habeas corpus in this Court seeking relief from the trial court's order placing her on deferred adjudication community supervision for the offense of aggravated assault with a deadly weapon. *See Velasquez v. State*, No. 07-23-00385-CR, 2024 Tex. App. LEXIS 4688, at *2 (Tex. App.—Amarillo July 3, 2024, no pet.) (affirming the order of deferred adjudication).

Intermediate courts of appeals do not have original habeas corpus jurisdiction in criminal law matters. *See* TEX. GOV'T CODE ANN. § 22.221(d) (limiting original habeas jurisdiction of intermediate appellate courts to civil cases); *Ex parte Hawkins*, 885 S.W.2d 586, 588–89 (Tex. App.—El Paso 1994, orig. proceeding) (per curiam). That jurisdiction

instead rests with the Court of Criminal Appeals, the district courts, and the county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05; 11.072 (outlining procedures for filing an application for writ of habeas corpus in community supervision cases); *Ex parte Hawkins*, 885 S.W.2d at 588.

For these reasons, we dismiss Velasquez's application for writ of habeas corpus for want of jurisdiction.[1]

Per Curiam

Do not publish.

---

[1] Velasquez may be entitled to habeas relief by filing an application for writ of habeas corpus with the clerk of the court in which the community supervision was imposed. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072.