**IN RE Ronald T. SPRIGGS, Relator**

**No. 07-17-00266-CR**

Court of Appeals of Texas, Amarillo.

August 7, 2017

Rehearing Overruled August 8, 2017

---

Randall C. Sims, for Real Party in Interest.

Ronald T. Spriggs, Amarillo, for Relator.

Honorable Douglas Woodburn, Honorable David Peeples, for Respondents.

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

## OPINION

James T. Campbell, Justice

Relator Ronald T. Spriggs, an attorney appearing here *pro se*, has filed a petition for writ of mandamus and alternatively an application for writ of habeas corpus seeking collateral review of an order finding him in contempt of court. The respondent is the Honorable Douglas R. Woodburn, Judge of the 108th District Court of Potter County. For the reasons that follow, we find Spriggs has not shown himself entitled to relief.

### Background

Marcus Donell Ray retained Spriggs for his defense in the State's prosecution of Ray for two counts of alleged sexual assault of a child. On January 29 and March 15, 2017, Spriggs moved to withdraw as Ray's attorney. The motions were denied. By written order of March 3, Judge Woodburn directed Spriggs to appear on May 1 and conduct Ray's defense.

On May 1, Spriggs appeared for trial and announced "not ready." After a hearing, Judge Woodburn found Spriggs in contempt, sentenced him to ten days' confinement in the county jail and a fine of $500, and committed him to the custody of the Potter County sheriff to serve the sentence. Judge Woodburn's contempt determination, Spriggs' sentence, and an order of commitment to the sheriff were put into a written order. On the court's own motion, followed verbally by that of Spriggs' counsel, Judge Woodburn released Spriggs on his own recognizance so that the presiding judge of the administrative region could assign a different judge to determine Spriggs' guilt or innocence.[1] The assignment went to the Honorable David Peeples. By order signed May 2, Judge Woodburn allowed Spriggs to with-

---

1. *See* TEX. GOV'T CODE ANN. § 21.002(d) (West 2004) (providing an officer of the court held in contempt, on proper request, shall be released on personal recognizance pending a determination of guilt or innocence by a different judge assigned by the presiding judge of the administrative region).

draw from Ray's representation and appointed replacement counsel.

Judge Peeples conducted a hearing on Spriggs' contempt charge on Friday, July 28. He signed an order on July 31, finding Spriggs guilty of contempt and sentencing him to seven days' confinement in the county jail beginning Wednesday, August 2, at 9:00 a.m. Shortly before 4:00 p.m. on August 1, Spriggs filed this original proceeding and a motion for temporary relief. Prior to 9:00 a.m. on August 2, we granted Spriggs' request for temporary relief and stayed commencement of his sentence.[2]

### Analysis

Habeas Corpus

With concern for our jurisdiction, we first take up Spriggs' request for habeas relief. Spriggs was adjudged guilty of contempt for his conduct while defending Ray in a criminal law matter. "Texas courts of appeals only have habeas jurisdiction in situations where a relator's restraint of liberty arises from a violation of an order, judgment, or decree previously made by a court or judge in a civil case." *In re Reece*, 341 S.W.3d 360, 364 n.3 (Tex. 2011) (orig. proceeding); Tex. Gov't Code Ann. § 22.221(d) (West 2004). In other words, a court of appeals does not have original habeas corpus jurisdiction in criminal law matters. *Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding) (per curiam) (dismissing for want of jurisdiction attempted habeas proceeding where relator attorney violated an order by failing to appear and defend his indigent client in a criminal proceeding and noting an appellate court has original habeas jurisdiction to hear matters involving either civil contempt or criminal contempt, or both, provided the order, judgment, or decree violated was rendered in a civil case); *Ex parte Lewis*, 663 S.W.2d 153, 154 (Tex. App.—Amarillo 1983, orig. proceeding) ("The extremely limited original habeas corpus jurisdiction granted by art. 1824a [the predecessor of § 22.221(d)] cannot be construed to encompass matters not specifically covered by the statute"). Because Spriggs' conduct determined to be contemptuous occurred in a criminal law matter, we lack original habeas jurisdiction and will dismiss his petition to the extent it seeks habeas relief. *See In re Welty*, 07-08-00195-CV, 2008 WL 1968763, at *1, 2008 Tex. App. LEXIS 3276, at *2 (Tex. App.—Amarillo May 6, 2008, orig. proceeding) (per curiam, mem. op.) (section 22.221(d) "does not grant this Court original jurisdiction to issue a writ of habeas corpus in a criminal proceeding.... This Court's habeas corpus jurisdiction in criminal matters is appellate only").

Mandamus

Our mandamus jurisdiction is ostensibly broad enough to permit consideration of the merits of Spriggs' complaint. *See* Tex. Gov't Code Ann. § 22.221(b) ("Each court of appeals for a court of appeals district may issue all writs of mandamus, agreeable to the principles of law regulating those writs, against a: ... judge of a district or county court in the court of appeals district"); *cf. In re Reece*, 341 S.W.3d at 374 (finding nothing in the supreme court's statutory grant of mandamus jurisdiction to prevent it from granting Reece relief by mandamus); *but cf. Collins v. Kegans*, 802 S.W.2d 702, 705 (Tex. Crim. App. 1991) ("it is axiomatic that mandamus will not issue during the pendency of contempt proceedings and that the validity of a contempt judgment can be attacked only by way of habeas corpus" (internal quotation marks omitted)).

---

2. *See* Tex. R. App. P. 52.10.

 Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding); *see also In re Reece*, 341 S.W.3d at 364 (citing *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding)).

Spriggs has not shown he lacks an adequate remedy at law.[3] In *In re Reece* the relator was held in criminal contempt and confined for perjuring himself during a deposition in a civil case. 341 S.W.3d at 362. The Court of Criminal Appeals declined to exercise its original habeas jurisdiction. *Id.* at 364. The Supreme Court of Texas found it lacked habeas jurisdiction under Government Code section 22.002(e), because in the contempt proceeding Reece was punished by confinement for perjury and not for violating an order, judgment, or decree previously made in a civil case. *Id.* at 369, 370-71. However, because the underlying dispute was civil in nature and the Court of Criminal Appeals for that reason declined to exercise its original habeas jurisdiction, the Supreme Court found Reece had no adequate remedy by appeal, and conditionally granted relief under its mandamus power. *Id.* at 375-76.

Unlike *In re Reece*, the underlying case here is a criminal law matter and the Court of Criminal Appeals has not declined to exercise its original habeas jurisdiction. Indeed, Spriggs came to this court even though the Court of Criminal Appeals is this state's appellate court of general original habeas jurisdiction. *Id.* at 369; *Ex parte Thompson*, 273 S.W.3d 177, 181 (Tex. Crim. App. 2008) ("It is well settled that the constitutional grant of original jurisdiction to [the Court of Criminal Appeals] to issue the writ of habeas corpus permits [the Court of Criminal Appeals] to review a contempt order entered by a district court"); *Ex parte Supercinski*, 561 S.W.2d 482, 483 (Tex. Crim. App. 1977) ("The original jurisdiction of the Court of Criminal Appeals to issue writs of habeas corpus is unlimited" (internal quotation marks and citation omitted)).

### Conclusion

For those reasons, Spriggs' application for writ of habeas corpus is dismissed for want of jurisdiction and his petition for writ of mandamus is denied. This court's August 2, 2018 stay is dissolved.

---

**3.** Because Spriggs has not demonstrated this requirement of mandamus relief, we need not consider whether his petition for mandamus directed to Judge Woodburn demonstrates a clear abuse of discretion; nor need we consider the effect on his petition of Judge Peeples' later hearing and order.