

# NUMBERS 13-19-00368-CR & 13-19-00369-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN RE PATRICK DIXON

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Perkes
Memorandum Opinion by Justice Hinojosa[1]**

Relator Patrick Dixon, proceeding pro se, filed a petition for writ of mandamus in the above causes on August 1, 2019. These original proceedings arise from trial court cause numbers 14-CR-1880-C and 13-CR-2870-C in the 94th District Court of Nueces County and are docketed here as appellate cause numbers 13-19-00368-CR and 13-19-

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

00369-CR, respectively. By seven issues, relator seeks to reverse his convictions for aggravated assault with a deadly weapon and unlawful possession of a firearm.[2]

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

Here, however, relator's petition for writ of mandamus represents a collateral attack on his criminal convictions. "Texas courts of appeals only have habeas jurisdiction in situations where a relator's restraint of liberty arises from a violation of an order, judgment, or decree previously made by a court or judge in a civil case." *In re Reece*, 341 S.W.3d 360, 364 n.3 (Tex. 2011) (orig. proceeding). A court of appeals does not have original habeas corpus jurisdiction in criminal matters. *See* TEX. GOV'T CODE ANN. § 22.221(d); *In re Spriggs*, 528 S.W.3d 234, 236 (Tex. App.—Amarillo 2017, orig. proceeding); *In re Ayers*, 515 S.W.3d 356, 356 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding). Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05; *In re Ayers*, 515

---

[2] Relator previously filed similar complaints with this Court. *See Dixon v. State*, No. 13-19-00252-CR, 2019 WL 2622350, at *1 (Tex. App.—Corpus Christi June 27, 2019, no pet. h.) (mem. op., not designated for publication); *In re Dixon*, No. 13-19-00227-CR, 2019 WL 2167955, at *1 (Tex. App.—Corpus Christi May 17, 2019, orig. proceeding) (mem. op., not designated for publication).

S.W.3d at 356; *Ex Parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding). Therefore, this court is without jurisdiction to consider relator's petition insofar as it effectively requests habeas corpus relief.

The Court, having examined and fully considered the petition for writ of mandamus and the limited record provided, is of the opinion that this Court lacks jurisdiction over the relief sought. Accordingly, we dismiss the petition for writ of mandamus in each of these causes for want of jurisdiction. Relator's request for records and application for the appointment of counsel in each cause is likewise dismissed.

LETICIA HINOJOSA
Justice

Do Not Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed this the
2nd day of August, 2019.