

NUMBER 13-20-00024-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**IN RE ROBERT LAWRENCE DANE**

**On Petition for Writ of Habeas Corpus.**

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Chief Justice Contreras[1]**

Relator Robert Lawrence Dane filed a request for leave to file an application for writ of habeas corpus and an emergency application for habeas corpus relief in the above cause on January 21, 2020.[2] Relator contends that he is illegally incarcerated in Victoria County, Texas, as the result of a "[f]raudulently filed" claim of stalking, a third-degree

---

[1] *See* TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions); *id.* R. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so.").

[2] This original proceeding was filed on behalf of Robert Lawrence Dane by Samantha Gonzales, a non-lawyer, pursuant to articles 11.12 and 11.13 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.12 ("Either the party for whose relief the writ is intended, or any person for him, may present a petition to the proper authority for the purpose of obtaining relief."); *id.* art. 11.13 ("The word applicant, as used in this Chapter, refers to the person for whose relief the writ is asked, though the petition may be signed and presented by any other person.").

felony offense, based on a detainer issued by DeWitt County, Texas. *See* TEX. PENAL CODE ANN. § 42.072 (stating that a person engages in the offense of stalking by engaging in certain specified, proscribed conduct). We dismiss this original proceeding for lack of jurisdiction.

"Texas courts of appeals only have habeas jurisdiction in situations where a relator's restraint of liberty arises from a violation of an order, judgment, or decree previously made by a court or judge in a civil case." *In re Reece*, 341 S.W.3d 360, 364 n.3 (Tex. 2011) (orig. proceeding); *see In re Spriggs*, 528 S.W.3d 234, 236 (Tex. App.—Amarillo 2017, orig. proceeding). Thus, courts of appeals do not have original habeas corpus jurisdiction in criminal matters. *See* TEX. GOV'T CODE ANN. § 22.221(d); *In re Spriggs*, 528 S.W.3d at 236; *In re Ayers*, 515 S.W.3d 356, 356 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding). The Texas Code of Criminal Procedure vests original jurisdiction to grant a writ of habeas corpus in a criminal case in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05; *In re Ayers*, 515 S.W.3d at 356. Therefore, this Court is without jurisdiction to consider relator's application for habeas corpus relief. *See* TEX. GOV'T CODE ANN. § 22.221(d); *see also In re Jones*, No. 01-19-00959-CR, 2019 WL 6905809, at *1 (Tex. App.—Houston [1st Dist.] Dec. 19, 2019, orig. proceeding) (mem. op. per curiam, not designated for publication); *In re Frilot*, No. 03-19-00118-CV, 2019 WL 2237889, at *1 (Tex. App.—Austin May 24, 2019, orig. proceeding) (mem. op., not designated for publication).

The Court, having examined and fully considered the request for leave to file the application and the application for writ of habeas corpus, is of the opinion that we lack

jurisdiction over the relief sought. Accordingly, we dismiss this original proceeding, and all relief sought therein, for lack of jurisdiction.

DORI CONTRERAS
Chief Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of January, 2020.