

# NUMBER 13-20-00214-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ROBERT DANE

## On Petition for Writ of Habeas Corpus.

## MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Tijerina**
**Memorandum Opinion by Justice Tijerina[1]**

On April 20, 2020, relator Robert Dane, proceeding pro se, filed a "Request for Leave to File the Extraordinary Writ of Habeas Corpus" and an "Emergency Application for the Extraordinary Writ of Habeas Corpus" in the above cause. Dane asserts that "his property," a minor child, is "presently illegally restrained of her liberty" because she is "physically in the custody of the Texas Child Protective Services" of Victoria County,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Texas.

Courts of appeals have limited jurisdiction to issue writs of habeas corpus. The courts of appeals have no original habeas-corpus jurisdiction in criminal matters. TEX. GOV'T CODE ANN. § 22.221(d); *In re Ayers*, 515 S.W.3d 356, 356–57 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam); *Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref'd). Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Texas Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts. TEX. CODE CRIM. PROC. ANN. art. 11.05; *In re Ayers*, 515 S.W.3d at 356–57. In civil cases, we may only issue a writ of habeas in situations where a relator's restraint of liberty arises from a violation of a court order previously made in a civil case. TEX. GOV'T CODE ANN. § 22.221(d); *In re Reece*, 341 S.W.3d 360, 363 n.3 (Tex. 2011) (orig. proceeding); *In re Spriggs*, 528 S.W.3d 234, 236 (Tex. App.—Amarillo 2017, orig. proceeding). This original jurisdiction does not encompass habeas corpus cases arising under the family code pertaining to the return of a minor child. *See* TEX. FAM. CODE ANN. § 157.371 (requiring a petition for writ of habeas corpus to be filed in "either the court of continuing, exclusive jurisdiction or in a court with jurisdiction to issue a writ of habeas corpus in the county in which the child is found"); *see also Ex parte A.M.*, No. 07-17-00451-CV, 2018 WL 445649, at *1–2 (Tex. App.—Amarillo Jan. 16, 2018, orig. proceeding) (mem. op.) (per curiam); *In re Davis*, No. 01-14-00838-CV, 2014 WL 6068565, at *1 (Tex. App.—Houston [1st Dist.] Nov. 13, 2014, orig. proceeding) (mem. op.) (per curiam); *In re Barnard*, No. 09-13-00150-CV, 2013 WL 1790240, at *1 (Tex. App.—Beaumont Apr. 25, 2013, orig. proceeding) (mem. op.) (per curiam).

The Court, having examined and fully considered the application for writ of habeas corpus and the applicable law, is of the opinion that we lack jurisdiction to issue the requested relief. Accordingly, we dismiss this original proceeding for want of jurisdiction. We dismiss the relator's request for leave as moot because leave is not required to file an original proceeding in an intermediate appellate court. *See generally* TEX. R. APP. P. 52 & cmt.; *see also In re Nottingham*, No. 07-20-00094-CV, 2020 WL 1682593, at \*2 (Tex. App.—Amarillo Apr. 6, 2020, orig. proceeding) (mem. op.) (per curiam).

JAIME TIJERINA,
Justice

Delivered and filed the
20th day of April, 2020.