**Opinion issued August 12, 2021**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-21-00159-CR

———————————

## EX PARTE MICHAEL GENE WALKER, Relator

---

**Original Proceeding on Petition for Writ of Habeas Corpus**

---

## MEMORANDUM OPINION

Relator Michael Gene Walker, incarcerated and acting pro se, filed an application for writ of habeas corpus requesting this Court to "set aside [his] indictment for failure to afford constitutional right to speedy trial." We lack jurisdiction over the application on two separate grounds.[1]

---

[1] The underlying case is *State of Texas v. Michael Gene Walker*, Cause Number 1497633, pending in the 177th District Court of Harris County, Texas, the Honorable Robert Johnson presiding.

A defendant in a criminal law matter is not entitled to hybrid representation. *See Ex parte Bohannan,* 350 S.W.3d 116, 116 n.1 (Tex. Crim. App. 2011) ("Because applicant is represented by counsel, we disregard his numerous *pro se* submissions and take no action on them."). Relator was represented by counsel in the trial court. Hence, there is nothing presented for our review. *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995) ("[A]ppellant is not entitled to hybrid representation. . . . Hence, nothing is presented for review.") (citations omitted).

Separately, we do not have original habeas corpus jurisdiction in felony cases. *See* TEX. CONST. art. V, § 6; TEX. CODE CRIM. PROC. art. 11.08 §§ 2, 3; TEX. GOV'T CODE § 22.221(d); *In re Spriggs*, 528 S.W.3d 234, 236 (Tex. App.—Amarillo 2017, orig. proceeding); *In re Ayers*, 515 S.W.3d 356, 356-57 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding); *cf.* TEX. R. APP. P. 31 (pertaining to appellate review of judgment or order in habeas corpus or bail proceeding). There is no indication relator sought habeas relief from the trial court before seeking relief in this Court. Unless a written, signed order of the trial court appears in the record, we lack jurisdiction over this matter. *See, e.g., Broussard v. State*, No. 01-10-00458-CR, 2010 WL 4056861, *2 (Tex. App.—Houston [1st Dist.] Oct. 14, 2010, no pet.) (mem. op., not designated for publication); *Wallace v. State*, Nos. 12-01-00353-CR, 12-01-00354-CR, 2002 WL 657396, *1 (Tex.

App.—Tyler April 12, 2002, no pet.) (not designated for publication); *Lowe v. State*, No. 14-00-01110-CR, 2001 WL 101771, *2 (Tex. App.—Houston [14th Dist.] Feb. 8, 2001, no pet.) (mem. op., not designated for publication); *cf.* TEX. R. APP. P. 34.5(a)(5) (requiring copy of order that is being appealed to appear in record).

We dismiss relator's application for lack of jurisdiction. All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Hightower, and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).