

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-22-00290-CR**

**EX PARTE DAVID LESTER GROHOSKE**

**Original Proceeding**

**From the 82nd District Court**
**Falls County, Texas**
**Trial Court No. 11021**

## MEMORANDUM OPINION

David Lester Grohoske asks that we grant and issue a writ of habeas corpus pursuant to article 11.15 of the Texas Code of Criminal Procedure (writ granted without delay) and released on bail pursuant to 17.151 of The Texas Code of Criminal Procedure (release because of delay) because he is illegally confined and restrained in his liberty in the Falls County Jail.

Grohoske is correct that a writ of habeas corpus is the remedy to be used when any person's liberty is restrained, and it is issued by a court or judge of competent jurisdiction. TEX. CODE CRIM. PROC. art. 11.01. Jurisdiction to grant a writ of habeas corpus in a criminal case vests with the Court of Criminal Appeals, the district courts, the

county courts, or any judge in those courts. *See* TEX. CODE CRIM. PROC. art. 11.05; *Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding). Thus, courts of appeals, such as this Court, have no original habeas-corpus jurisdiction in criminal matters. *Id. See also In re Spriggs*, 528 S.W.3d 234, 236 (Tex. App.—Amarillo 2017, orig. proceeding); *In re Ayers*, 515 S.W.3d 356 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding).

Because this Court does not have original habeas corpus jurisdiction, we cannot rule on Grohoske's requests. Accordingly, we dismiss this proceeding.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Original proceeding dismissed
Opinion delivered issued and filed September 14, 2022
Do not publish
[OT06]

