**Opinion filed June 20, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00173-CR

_____

## IN RE JAMES DANIEL FLORES

**Original Mandamus Proceeding**

### M E M O R A N D U M   O P I N I O N

On June 14, 2024, Relator filed a petition for a writ of mandamus asking this court to order the Honorable Brooks Hagler, the presiding judge of the 259th District Court of Jones County, Texas "to act on the emergency order for [Relator]'s immediate release."  In a memorandum opinion issued on April 4, 2024, we dismissed his previous petition because we did not have jurisdiction to issue a mandamus against any of the respondents named in Relator's prior petition. *See In re Flores*, No. 11-24-00079-CR, 2024 WL 1447236, at *1 (Tex. App.—Eastland Apr. 4, 2024, orig. proceeding).  Relator subsequently filed an emergency motion on April 5, 2024, again requesting immediate release.  On April 9, 2024, we issued an

order, attached herein, denying Relator's motion in part and dismissing for want of jurisdiction in part.

With respect to Relator's petition filed on June 14, 2024, in addition to Relator's request that we order the trial court to order his release, he asks us to: (1) grant his emergency motion for temporary release; (2) "[c]onduct a judicial inquiry into the misconduct of [the Texas Department of Family and Protective Services] and parole officers involved in [Relator]'s case; (3) "[r]espond online and direct all communications to Melisa Jones";  (4) "[a]ppoint legal counsel to assist [Relator]"; and (5) "[g]rant any other relief that this Court deems just and proper." We deny in part and dismiss in part.

To be entitled to mandamus relief, a relator must establish that: (1) the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision; and (2) there is no adequate remedy at law to redress the alleged harm. *In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding).  In doing so, relators have "the burden of providing th[e] [c]ourt with a sufficient record to establish their right to mandamus relief." *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see also* TEX. R. APP. P. 52.3, 52.7.  This includes satisfying the requirement that "[e]very statement of fact in the petition must be supported by citation to competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(g).  The petition must be accompanied by a record that includes "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding," as well as "a properly authenticated transcript of any relevant testimony from any underlying proceeding." *Id.* R. 52.7(a); *In re Fears*, No. 05-24-00154-CV, 2024 WL 748077, at *1 (Tex. App.—Dallas Feb. 23, 2024, orig. proceeding) (mem. op.) (explaining how a relator may obtain certified or sworn copies of documents).

2

With respect to Relator's request that we order the trial court to "act on the emergency order," the petition is insufficient to establish his right to mandamus relief. The appendix to Relator's petition does not include any of his purported filings with the trial court. The petition is therefore devoid of any evidence establishing that Relator filed a motion or writ on which the trial court was required to rule, and fails to show his entitlement to mandamus relief. *See* TEX. R. APP. P. 52.7. Accordingly, we deny the petition for writ of mandamus in that regard.

Relator likewise asks this court to appoint him an attorney, grant his motion for release, and to conduct a "judicial inquiry" into alleged misconduct by the named respondents. First, Relator is not constitutionally entitled to appointment of counsel, and whether "the interests of justice require representation" may only be determined by judges of county courts, statutory courts, and district courts. TEX. CODE CRIM. PROC. art. 1.051(c), 26.04(a), (b)(1) (West Supp. 2023); *see Ex parte Graves*, 70 S.W.3d 103, 111 (Tex. Crim. App. 2002). We therefore have no authority to grant his request for the appointment of counsel.

Furthermore, this court's authority to issue original writs of mandamus is limited. *See* TEX. CONST. art. V, §§ 5, 6 (intermediate courts of appeals only have original jurisdiction as prescribed by law); TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2023). Section 22.221 of the Government Code expressly limits mandamus jurisdiction of the courts of appeals to: (1) writs against a district court or a county court judge in the court of appeals' district; and (2) all writs necessary to enforce the court of appeals' jurisdiction. GOV'T § 22.221(a)–(c).

We do not have general writ authority over the Texas Board of Pardons and Paroles, Relator's parole officer, or the Texas Department of Family and Protective Services. *See, e.g., In re Aldridge*, No. 11-22-00061-CR, 2022 WL 969533, at *1 (Tex. App.—Eastland Mar. 31, 2022, orig. proceeding) (mem. op., not designated

3

for publication); *see also In re Wilson*, No. 01-20-00557-CR, 2020 WL 6140178, at *1 (Tex. App.—Houston [1st Dist.] Oct. 20, 2020, orig. proceeding) (mem. op., not designated for publication). And Relator has not shown that issuing a writ of mandamus that orders his immediate release is necessary to enforce this court's jurisdiction. Consequently, we lack jurisdiction to issue a mandamus against said respondents in this instance.

With respect to Relator's petition, we deny it in part and dismiss it in part for want of jurisdiction. Any pending motions in this proceeding are denied or otherwise overruled.

PER CURIAM

June 20, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

4

# Exhibit A



### In The

# Eleventh Court of Appeals

_____

## No. 11-24-00079-CR

_____

## IN RE JAMES FLORES

**Original Mandamus Proceeding**

### O R D E R

In this mandamus proceeding, the incarcerated Relator, James Flores, has filed numerous documents and pleadings purportedly bearing his electronic signature and asking this court to "grant immediate relief by staying his incarceration." We construed Relator's filings as a request that we order his release from detention under a pre-revocation warrant issued by the Parole Division of the Texas Department of Criminal Justice. In a memorandum opinion issued on April 4, 2024, we dismissed his petition because we do not have jurisdiction to issue a mandamus against any of the respondents named in Relator's petition. *See In re Flores*, No. 11-24-00079-CR, 2024 WL 1447236, at *1 (Tex. App.—Eastland Apr. 4, 2024, orig. proceeding).

Melisa Jones, purportedly acting as Relator's attorney-in-fact, has filed an "emergency motion" and attachments requesting the immediate release of Relator. She is also seeking reconsideration of the petition for writ of mandamus that was dismissed on April 4, 2024 for want of jurisdiction, and alternatively, the issuance of a writ of habeas corpus. *See Flores*, 2024 WL 1447236, at *1. Jones names Relator's parole officer, the Parole Board, the Jones County Jail, and the Honorable Brooks Hagler, Presiding Judge of the 259th District Court of Jones County, Texas, as "[i]nterested [p]ersons" in her filings.[1] We deny in part and dismiss in part.

We again emphasize the limited authority of this court to issue writs. *See* TEX. CONST. art. V, §§ 5, 6 (intermediate courts of appeals only have original jurisdiction as prescribed by law); TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2023). Section 22.221 of the Texas Government Code expressly limits mandamus jurisdiction of the courts of appeals to: (1) writs against a district court or a county court judge in the court of appeals' district; and (2) all writs necessary to enforce the court of appeals' jurisdiction. GOV'T § 22.221(a)–(c). We do not have general writ authority over the Texas Board of Pardons and Paroles or Relator's parole officer. *See, e.g., In re Aldridge*, No. 11-22-00061-CR, 2022 WL 969533, at *1 (Tex. App.—Eastland Mar. 31, 2022, orig. proceeding) (mem. op., not designated for publication); *see also In re Wilson*, No. 01-20-00557-CR, 2020 WL 6140178, at *1 (Tex. App.—Houston [1st Dist.] Oct. 20, 2020, orig. proceeding) (mem. op., not designated for publication). And Relator has not shown that a writ of mandamus ordering his release is necessary to enforce this court's jurisdiction. We thus deny the motion for reconsideration because we lack jurisdiction to issue a mandamus against said respondents.

---

[1]In doing so, she refers to the Fifth Circuit Rules. *See* 5TH CIR. R. 28.2.1.

Jones includes in her "emergency motion" what purports to be an "Application for Writ of Habeas Corpus pursuant to [Article] 11.07." *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2023). Section 22.221(d) further limits our authority to issue writs of habeas corpus "when it appears that [an applicant's] restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case." GOV'T § 22.221(d); *see In re Reece*, 341 S.W.3d 360, 363 n.3 (Tex. 2011) (orig. proceeding). In other words, a court of appeals does not have original habeas corpus jurisdiction in criminal law matters. *In re Spriggs*, 528 S.W.3d 234, 236 (Tex. App.—Amarillo 2017, orig. proceeding). Therefore, to the extent her motion relates to a request for original habeas relief in a criminal law matter, we dismiss the motion and its related "application" for post-conviction relief for want of jurisdiction. CRIM. PROC. art. 11.07; *Spriggs*, 528 S.W.3d at 236.

To the extent Jones's filing relates to "the prior denial of relief" by Judge Hagler, we dismiss the motion and "application." According to Jones, Judge Hagler denied what we liberally construe as Relator's application for writ of habeas corpus,[2] filed by Jones on Relator's behalf, because Jones "cannot act in a legal capacity for [Relator]." Jones does not appear to appeal this purported denial; instead, she has filed an emergency motion for Relator's release and seeks original habeas relief from this court. As we have said, we must dismiss the motion and related "application" in part because we do not have original habeas jurisdiction.

---

[2]Jones does not include an order for this "prior denial of relief." In the filings, Jones refers to a "packet" for "Reprieve for Family Emergency" that was submitted to the Texas Department of Criminal Justice, then "[d]irected" to "jail administration and subsequently to the District Court." It is unclear from her filings in this court whether she is referring to the trial court's purported denial of this "Reprieve" filing or, instead, the trial court's purported denial of an application for writ of habeas corpus.

Finally, we observe that Jones, who is a not an attorney,[3] is engaging in the practice of law without a license. *See* GOV'T CODE § 81.101 (West 2023) ("the 'practice of law' means the preparation of a pleading or other document incident to an action or special proceeding or the management of the action or proceeding on behalf of a client before a judge in court"); *Id.* § 81.102 ("a person may not practice law in this state unless the person is a member of the state bar"); *see also* TEX. PENAL CODE ANN. § 38.123 (West 2016) (Unauthorized Practice of Law).[4] The document purporting to confer power of attorney is not signed by Relator, nor is it notarized. It is, therefore, invalid to confer agency upon Jones. *See* TEX. ESTATES CODE ANN. § 751.0021 (West 2020) (requirements of a durable power of attorney). Moreover, even a valid power of attorney is not an authorization or license to practice law, nor to act as an attorney on another's behalf. *See In re Webb*, No. 12-13-00155-CR, 2013 WL 2404141, at *1 (Tex. App.—Tyler May 31, 2013, orig. proceeding); *Patterson v. Pritchard*, No. 03-10-00211-CV, 2011 WL 3371545, at *7 (Tex. App.—Austin Aug. 4, 2011, no pet.) (mem. op.); *Parmer v. DeJulian*, No. 12-07-00479-CV, 2008 WL 4225994, at *6 (Tex. App.—Tyler Sept. 17, 2008, no pet.) (mem. op.) (power of attorney does not permit an unlicensed lay person to act as an attorney on another's behalf). Accordingly, neither this court nor the trial court was required to allow Jones, a non-attorney, to act on Relator's behalf. *See In re Bailey*, No. 09-10-00412-CV, 2010 WL 4354021, at *2 (Tex. App.—Beaumont Nov. 4,

---

[3]Jones has stated in correspondence that was filed with this court that she is a pre-law student.

[4]We are unaware of whether Jones is receiving or has received an economic benefit as required for prosecution under Penal Code Section 38.123. We are nevertheless bound by our legal and ethical obligation as members of the judiciary to "comply with the law," and to "act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." TEX. CODE JUD. CONDUCT, Canon 2(A), *reprinted in* GOV'T CODE, tit. 2, subtit. G, app. C. In accordance therewith, we will be referring Jones to the Texas Unauthorized Practice of Law Committee by copy of this order.

2010, orig. proceeding) ("[A] power of attorney does not give the agent the power to represent the principal as an attorney.").

We deny in part and dismiss for want of jurisdiction in part. To the extent Jones requests in the "emergency motion" that we reconsider our previous opinion in this cause, we deny the motion. To the extent her motion relates to a request for original habeas relief, we dismiss the motion and its related "application" for want of jurisdiction. Any other pending motions in this proceeding are denied or otherwise overruled.

IT IS SO ORDERED.


PER CURIAM

April 9, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.