

# NUMBER 13-24-00409-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE DOUGLAS WATTERS

## ON PETITION FOR WRIT OF HABEAS CORPUS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña
Memorandum Opinion by Justice Tijerina[1]**

Relator Douglas Watters has filed an application for writ of habeas corpus seeking bond reduction or release from confinement. According to his application, Watters has been arrested for murder and his bond has been set at $500,000, but he is unable to post bail. He contends that his confinement is illegal and requests that he be released from custody or be allowed bail in a reasonable amount.

Original habeas jurisdiction in criminal proceedings is limited to the Texas Court of Criminal Appeals, the district courts, and the county courts. *See* TEX. CODE CRIM. PROC.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

ANN. art. 11.05; *Ex parte Braswell*, 630 S.W.3d 600, 601 (Tex. App.—Waco 2021, orig. proceeding); *In re Quinata*, 538 S.W.3d 120, 120 (Tex. App.—El Paso 2017, orig. proceeding). Therefore, as an intermediate court of appeals, we lack original habeas jurisdiction in criminal matters. *See* TEX. GOV'T CODE ANN. § 22.221(d); *In re Neal*, 653 S.W.3d 346, 346 (Tex. App.—Dallas 2022, orig. proceeding); *In re Spriggs*, 528 S.W.3d 234, 236 (Tex. App.—Amarillo 2017, orig. proceeding); *see also In re Burke*, No. 14-23-00584-CR, 2023 WL 5368180, at *1 (Tex. App.—Houston [14th Dist.] Aug. 22, 2023, orig. proceeding) (mem. op. per curiam) (not designated for publication) ("Therefore, this court does not have original habeas corpus jurisdiction over a request to reduce bail in a criminal case."). Instead, our jurisdiction in such matters is appellate in nature. *See* TEX. GOV'T CODE ANN. § 22.221(d); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.); *Denby v. State*, 627 S.W.2d 435, 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding) (per curiam).

The Court, having examined and fully considered the application for writ of habeas corpus and the applicable law, is of the opinion that we lack jurisdiction to issue the requested relief. *See* TEX. GOV'T CODE ANN. § 22.221(d); *In re Neal*, 653 S.W.3d at 346; *In re Spriggs*, 528 S.W.3d at 236. Accordingly, we dismiss this original proceeding for lack of jurisdiction.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
16th day of August, 2024.

2