

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00304-CR

**EX PARTE** Israel **REYES**

Original Proceeding[1]

PER CURIAM

Sitting:    Irene Rios, Justice
               Adrian A. Spears II, Justice
               Velia J. Meza, Justice

Delivered and Filed: May 21, 2025

DISMISSED FOR LACK OF JURISDICTION

On May 13, 2025, relator, Israel Reyes, filed a *pro se* petition for writ of habeas corpus. We dismiss the petition for a writ of habeas corpus for lack of jurisdiction.

Intermediate courts of appeal do not have original habeas jurisdiction in criminal law matters. *See* TEX. GOV'T CODE ANN. § 22.221(d) (original habeas jurisdiction of the courts of appeals is limited to cases in which a person's liberty is restrained because they violated an order, judgment, or decree entered in a civil case); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.05 (granting exclusive jurisdiction to consider original petitions for writs of habeas corpus to the court of criminal appeals, the district courts, county courts, and judges sitting on such courts).

---

[1]This proceeding arises out of Cause No. 2023CR6024, styled *State of Texas vs Israel Reyes*, pending in the 437th Judicial District Court, Bexar County, Texas, the Honorable Joel Perez presiding.

The Court's jurisdiction to consider habeas petitions in criminal matters is appellate only. TEX. GOV'T CODE ANN. § 22.221(d). As such, we lack jurisdiction in this matter. *See* TEX. GOV'T CODE ANN. § 22.221(d); *In re Neal*, 653 S.W.3d 346, 346 (Tex. App.—Dallas 2022, orig. proceeding); *In re Spriggs*, 528 S.W.3d 234, 236 (Tex. App.—Amarillo 2017, orig. proceeding).

The Court, having considered the petition, the record, and applicable law, concludes that we lack jurisdiction to issue the requested relief. *See* TEX. GOV'T CODE ANN. § 22.221(d); *In re Neal*, 653 S.W.3d at 346; *In re Spriggs*, 528 S.W.3d at 236. Accordingly, we dismiss this original proceeding for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH