

# NUMBER 13-25-00322-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE KENNETH JOHNSON JR.

---

## ON PETITION FOR WRIT OF HABEAS CORPUS

---

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Cron**
**Memorandum Opinion by Justice Silva[1]**

Relator Kenneth Johnson Jr. has filed a pro se petition for writ of habeas corpus seeking the dismissal of the indictment against him in trial court cause number 25352 in the 23rd District Court of Wharton County, Texas. Relator's petition for writ of habeas corpus includes an emergency motion to suspend the warrant for his arrest.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Original habeas jurisdiction in criminal proceedings is limited to the Texas Court of Criminal Appeals, the district courts, and the county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05; *Ex parte Braswell*, 630 S.W.3d 600, 601 (Tex. App.—Waco 2021, orig. proceeding); *In re Quinata*, 538 S.W.3d 120, 120 (Tex. App.—El Paso 2017, orig. proceeding). Therefore, as an intermediate court of appeals, we lack original habeas jurisdiction in criminal matters. *See* TEX. GOV'T CODE ANN. § 22.221(d); *In re Neal*, 653 S.W.3d 346, 346 (Tex. App.—Dallas 2022, orig. proceeding); *In re Spriggs*, 528 S.W.3d 234, 236 (Tex. App.—Amarillo 2017, orig. proceeding). Instead, our jurisdiction in such matters is appellate in nature. *See* TEX. GOV'T CODE ANN. § 22.221(d); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.); *Denby v. State*, 627 S.W.2d 435, 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding) (per curiam).

The Court, having examined and fully considered the petition for writ of habeas corpus and the applicable law, is of the opinion that we lack jurisdiction to issue the requested relief. *See* TEX. GOV'T CODE ANN. § 22.221(d); *In re Neal*, 653 S.W.3d at 346; *In re Spriggs*, 528 S.W.3d at 236. Accordingly, we dismiss this original proceeding and relator's emergency motion to suspend the warrant for his arrest for lack of jurisdiction.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
16th day of June, 2025.

2