

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00373-CR

**IN RE** Milton Pernail **WILLIAMS**

Original Proceeding[1]

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
             Lori I. Valenzuela, Justice
             H. Todd McCray, Justice

Delivered and Filed: June 18, 2025

PETITION FOR WRIT OF HABEAS CORPUS DENIED

On June 9, 2025, relator filed this original petition for writ of habeas corpus arising from his conviction for possession of less than one gram of a controlled substance in penalty group 1 or 1-B. We dismiss the petition for a writ of habeas corpus for lack of jurisdiction.

Intermediate courts of appeal do not have original habeas jurisdiction in criminal law matters. *See* TEX. GOV'T CODE ANN. § 22.221(d) (original habeas jurisdiction of the courts of appeals is limited to cases in which a person's liberty is restrained because they violated an order, judgment, or decree entered in a civil case); *see also* TEX. CODE CRIM. PROC. ANN. ART. 11.05 (granting exclusive jurisdiction to consider original petitions for writs of habeas corpus to the court of criminal appeals, the district courts, county courts, and judges sitting on such courts). The

---

[1]This proceeding arises out of Cause No. B23211, styled *State of Texas vs. Milton Pernail Williams*, pending in the 198th Judicial District Court, Kerr County, Texas, the Honorable M. Patrick Maguire presiding.

Court's jurisdiction to consider habeas petitions in criminal matters is appellate only. TEX. GOV'T CODE ANN. § 22.221(d). As such, we lack jurisdiction in this matter. *Id.*; *In re Neal*, 653 S.W.3d 346, 346 (Tex. App.—Dallas 2022, orig. proceeding); *In re Spriggs*, 528 S.W.3d 234, 236 (Tex. App.—Amarillo 2017, orig. proceeding).

The Court, having considered the petition, the record, and applicable law, concludes that we lack jurisdiction to issue the requested relief. *See* TEX. GOV'T CODE ANN. § 22.221(d); *In re Neal*, 653 S.W.3d at 346; *In re Spriggs*, 528 S.W.3d at 236. Accordingly, we DISMISS this original proceeding for lack of jurisdiction.

PER CURIAM