

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-25-00529-CR

**IN RE** David **GARZA**

Original Proceeding[1]

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
             Adrian A. Spears II, Justice
             H. Todd McCray, Justice

Delivered and Filed: August 27, 2025

PETITION FOR WRIT OF HABEAS CORPUS DISMISSED FOR LACK OF JURISDICTION

Relator filed his petition on August 18, 2025. Although styled as a "petition for writ of mandamus," the relief sought is that of a petition for writ of habeas corpus. We examine the substance of a petition, not how it is styled, to determine its nature. *See Brumley v. McDuff*, 616 S.W.3d 826, 833 (Tex. 2021); *In re Barnes*, No. 04-04-00877-CV, 2004 WL 2884205, at *1 (Tex. App. Dec. 15, 2004).

Intermediate courts of appeal do not have original habeas jurisdiction in criminal law matters. *See* TEX. GOV'T CODE ANN. § 22.221(d) (original habeas jurisdiction of the courts of appeals is limited to cases in which a person's liberty is restrained because they violated an order,

---

[1]This proceeding arises out of Cause No. 2009CR5735D4, styled *The State of Texas v. David Garza*, pending in the 406th Judicial District Court, Webb County, Texas, the Honorable Oscar J. Hale, Jr. presiding.

judgment, or decree entered in civil case); *see also* TEX. CODE CRIM. PROC. ANN. ART. 11.05 (granting exclusive jurisdiction to consider original petitions for writs of habeas corpus to the court of criminal appeals, the district courts, county courts, and judges sitting on such courts). This court's jurisdiction to consider habeas petitions in criminal matters is appellate only. TEX. GOV'T CODE ANN. § 22.221(d). As such, we lack jurisdiction in this matter. *See* Tex. Gov't Code Ann. § 22.221(d); *In re Neal*, 653 S.W.3d 346, 346 (Tex. App.—Dallas 2022, orig. proceeding); *In re Spriggs*, 528 S.W.3d 234, 236 (Tex. App.—Amarillo 2017, orig. proceeding).

The court, having considered the petition, the record, and applicable law, concludes that we lack jurisdiction to issue the requested relief. *See* TEX. GOV'T CODE ANN. § 22.221(d); *In re Neal*, 653 S.W.3d at 346; *In re Spriggs*, 528 S.W.3d at 236. Accordingly, we **DISMISS** this original proceeding for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH