

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

---

No. 07-24-00235-CR

---

**EX PARTE KENNON SHAW**

---

**ORIGINAL PROCEEDING**

---

July 23, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Kennon Shaw, proceeding pro se, filed a "Petition for Writ of Mandamus Brief," and other attached documents, in this Court seeking post-conviction relief from his final felony conviction. *See Shaw v. State*, No. 07-23-00305-CR, 2024 Tex. App. LEXIS 2309, at *3 (Tex. App.—Amarillo Apr. 2, 2024, no pet.) (mem. op., not designated for publication) (affirming Shaw's murder conviction). We construe the documents as an application for writ of habeas corpus.

Intermediate courts of appeals do not have original habeas corpus jurisdiction in criminal law matters. *See* TEX. GOV'T CODE ANN. § 22.221(d) (limiting original habeas jurisdiction of intermediate appellate courts to civil cases); *Ex parte Hawkins*, 885 S.W.2d

586, 588–89 (Tex. App.—El Paso 1994, orig. proceeding) (per curiam). That jurisdiction instead rests with the Court of Criminal Appeals, the district courts, and the county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05; *Ex parte Hawkins*, 885 S.W.2d at 588. Only the Court of Criminal Appeals has authority to grant post-conviction habeas relief in felony cases. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985).

For these reasons, we dismiss Shaw's application for writ of habeas corpus for want of jurisdiction.[1,2]

Per Curiam

Do not publish.

---

[1] Shaw may be entitled to habeas relief by filing an application for writ of habeas corpus with the clerk of the court in which the conviction being challenged was obtained, returnable to the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07.

[2] To the extent that Shaw seeks mandamus relief, we note that the documents he filed fail to meet the requirements of a petition for writ of mandamus as, inter alia, they are not accompanied by a record. *See* TEX. R. APP. P. 52.3 (delineating the required form and contents for a petition for writ of mandamus), 52.7 (requiring relator to file a certified or sworn copy of every document material to the claim for relief that was filed in the underlying proceeding). Without a mandamus record, we cannot determine whether mandamus relief is warranted. *See In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam) ("Mandamus is an extraordinary remedy granted only when the relator shows that the trial court abused its discretion and that no adequate appellate remedy exists."). For this reason, we also deny Shaw any mandamus relief.